JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Paula Wallace ("appellant") appeals from the decision of the trial court granting defendant Euclid Meridia Hospital's ("Meridia") motion to dismiss and defendant Dr. Charles Bailin's ("Dr. Bailin") motion to dismiss. Appellant further appeals from the trial court's denial of the motion to reinstate and/or relief from judgment. Having reviewed the arguments of the parties and the pertinent law, we reverse and remand.
 I {¶ 2} On February 4, 2002, plaintiff-appellant filed her medical malpractice claim against defendants Meridia, Dr. Bailin, and Dr. Margaritta D. Bruce ("Dr. Bruce"). On July 23, 2002, appellant voluntarily dismissed Dr. Bruce. On September 11, 2002, Meridia filed a motion to dismiss for failure to prosecute and, on September 13, 2002, Dr. Bailin filed his motion to dismiss for failure to prosecute. Dr. Bailin's motion to dismiss was later treated by the court as a motion to compel.[1] On October 11, 2002, Meridia filed a second motion to dismiss, this time titled as "Defendant Euclid Meridia Hospital's Renewed Motion to Dismiss for Want of Prosecution." Appellee Dr. Bailin also filed a second motion to dismiss on October 18, 2002. Meridia and Dr. Bailin's motions to dismiss were granted on October 29, 2002. On January 7, 2003, the trial court denied appellant's motion to reinstate and/or relief from judgment. Appellant is now appealing the trial court's decision.
 II ¶ 3 Appellant's first assignment of error states: "The lower court erred in granting plaintiff's [sic] motion to dismiss for want of prosecution."
¶ 4 A Civ.R. 41(B) dismissal is an extremely harsh sanction that should "be granted only when an attorney's conduct falls substantiallybelow what is reasonable and displays contempt for the judicial system
or the rights of the opposing party." Industrial Risk Insurers v. LorenzEquip. Co. (1994), 69 Ohio St.3d 576, 581. Emphasis added. An abuse of discretion will be found if the lower court's ruling evidences an unreasonable, arbitrary or unconscionable attitude. Rock v. Cabral
(1993), 67 Ohio St.3d 108, 112; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
¶ 5 Lesser sanctions than dismissal with prejudice available to a court when a party fails to appear at a hearing include: (1) a reprimand by the court; (2) a finding of contempt; (3) an order prohibiting the party or attorney from appearing in that court without different counsel in the future; and (4) a dismissal without prejudice. Willis v. RCACorp. (1983), 12 Ohio App.3d 1, paragraph two of the syllabus.
¶ 6 Nothing in the record suggests that appellant was intentionally dilatory or irresponsible in maintaining her claim. In addition, appellant made an appearance at the status hearing and did respond to appellees' discovery requests at the time she received notice of the court's ruling on appellees' motion to dismiss for want of prosecution. Although the appellant was indeed slow to respond and may not have acted in the most efficient manner possible, the trial court did have less severe choices available. Given the specific facts of this particular case, we find that the trial court's dismissal is too drastic a remedy. Appellant's first assignment of error is granted.
 III ¶ 7 Appellant's second assignment of error states: "The lower court erred in denying plaintiff's motion to reinstate and fo [sic] relief from judgment."
¶ 8 In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
¶ 9 As previously stated in appellant's first assignment of error, appellant was initially unaware of the proceedings; however, appellant did comply when she became aware of the motion. Furthermore, in this particular situation, appellant's attorney had an unusually difficult time contacting his client and was, therefore, unable to proceed in the timely manner he desired. The specific facts in this particular situation constitute a meritorious claim and defense. Accordingly, we grant appellant's second assignment of error and reverse and remand the case to the trial court.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
Patricia A. Blackmon, P.J. and Frank D. Celebrezze, Jr., J. Concur.
[1] See trial court docket journal entry of September 18, 2002, treating the motion to dismiss as a motion to compel.