[Cite as *Walton v. Dynamic Auto Body*, 2013-Ohio-758.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICK WALTON, | ) | CASE NO.    12 CO 11 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DYNAMIC AUTO BODY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Municipal Court, Case No. 11CVI2036.

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellant:    Rick Walton, *Pro se*
53 Beechwood Drive
Columbiana, Ohio  44408

For Defendants-Appellees:    Dynamic Auto Body, *Pro se*
1360 State Route 14
Columbiana, Ohio  44408

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  March 4, 2013

VUKOVICH, J.

{¶1} Plaintiff-appellant Rick Walton appeals from the judgment entered in the Columbiana County Municipal Court that found for defendant-appellee Dynamic Auto Body. Walton has filed a *pro se* appeal and brief. Dynamic Auto Body has not defended the appeal. It appears from a reading of the brief that Walton's argument is a civil manifest weight of the evidence argument. For the reasons discussed below, the judgment of the trial court is hereby affirmed.

### Joint Statement of Case and Fact

{¶2} On September 26, 2011, Walton filed a small claims complaint in the Columbiana County Municipal Court naming Dynamic Auto Body, David George and Dick Simpson as defendants. Simpson is an employee of Dynamic Auto Body that dealt with Walton. Walton alleged that he paid $120.64 to the defendants to repair the air conditioner in his car. He claims that after the alleged repair, the air conditioner worked for two days then started failing and by the ninth day it did not work at all. He sought damages in the amount of $120.64 plus interest and court costs.

{¶3} The case was set for trial. At trial, Walton and Simpson testified and presented evidence in support of their respective positions. After taking the matter under advisement, the trial court found in the defendants' favor. 02/10/12 J.E. It is from that judgment that Walton appeals.

### Analysis

{¶4} At the outset, we note that attached to Walton's brief are online articles and other data that he contends support the conclusion that the trial court erred in granting judgment in favor of Dynamic Auto Body. While the data he provides this court with is impressive, most, if not all of it, cannot be considered. The function of the court of appeals is not to have a matter retried before it, but rather to review the proceedings that occurred before the trial court and determine whether any errors occurred in those proceedings. We are a court of record and our review of cases brought before us is confined to the record as defined in App.R. 9(A). This rule states that the record consists of "[t]he original papers and exhibits thereto filed in the

trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]" The attachments to his brief are not part of the record because they do not meet any of these requirements. The proper place to put forth the information he has attached to his brief was to the trial court. That was not done. Therefore, we cannot consider any of the online articles or data that was not given to the trial court before or during trial. Likewise, despite Walton's insistence that we call a mechanic that he has provided this court with the number of, we cannot do so because our review is limited to what was brought before the trial court. That mechanic did not testify at trial and thus, we cannot consider his statements and/or opinions on this case. Consequently, we must reiterate that we cannot consider the attachments to his brief, no matter how informative they may be and that our review of this case is confined to the information that was provided to the trial court during and before trial.

{¶5} With that in mind, we now turn to the arguments that we can consider. Walton's *pro se* brief appears to raise a civil manifest weight of the evidence argument. The Ohio Supreme Court has recently explained that the manifest weight of the evidence standard set forth in *Thompkins*, a criminal case, also applies in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23. As was explained in *Thompkins*:

> "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶6}** However, in weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact. *Eastley* at ¶ 21.

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶7}** Walton finds fault with the trial court rendering judgment in Dynamic Auto Body's favor. Specifically, he finds fault with the trial court's decision to find Simpson credible.

**{¶8}** At the hearing, Walton testified that he is an electronic engineer and that he has a lot of experience with air conditioning systems. Tr. 5. He indicated that he took his car to Dynamic Auto Body to have the air conditioner repaired and after performing some work on the car, Simpson told him that the system was repaired. Tr. 5. Walton paid approximately $120 for the repair. Walton claims that when the system quit working, he contacted Simpson as to what was done during the alleged repair and during that interaction Simpson kept "changing his story." Tr. 5. Walton contends that at one point, Simpson told him that they did a vacuum test on the air conditioner, but did not use a dye test to see if it leaked. Tr. 6, 8. Walton alleges that later Simpson told him that they did dye test the system. Tr. 8. Walton claims that when he brought the car back to Simpson to repair it again, Simpson allegedly told him the compressor was leaking and showed him that the dye had leaked out by pointing to some yellow on a compressor. Tr. 19. Walton disputes the fact that the dye could be seen without a black light. Tr. 19-20. Walton also claims that when he

took the car back to Simpson to repair, he was told it would be between another $600 to $700 to repair the air conditioner. Tr. 7. Simpson told him that the air compressor would need to be replaced. Tr. 7. Walton testified that he believed only the O-ring in the air compressor needed to be replaced. Tr. 6.

{¶9} Simpson also testified at trial as to his version of what occurred. His testimony included his credentials that he graduated "honor man" in his class at air-conditioner refrigeration school and that he has worked on automotive air-conditioning for 40 years. Simpson testified that Walton told him that the car had sat for a while and the air conditioning was not working. Tr. 11-12. Thus, the system was checked for leaks with a dye test and was recharged. Tr. 12. Simpson indicated that that work was performed for $120 and was the first step in determining what, if anything, was wrong with the air conditioner. Following the repair, Walton contacted Simpson and informed him that the recharge worked for a couple of days but eventually failed. Tr. 13-14. Walton then brought the car back to the shop, Simpson examined the car and discovered that the compressor seal was leaking. Tr. 14-15. According to Simpson, the yellow dye could be seen without the use of a black light. Tr. 15. Simpson then explained that he tried to find just the seal, but was unable to. Tr. 15. It was at that point that Simpson gave Walton the part number for the seal and also told him the price of a "remand compressor," which was $611.98. Tr. 15-16.

{¶10} Simpson explained that after he informed Walton of this information, Walton emailed him and stated that he did not believe that there was anything wrong with the compressor. Tr. 16. Simpson testified that he agreed that there was nothing wrong with the compressor other than the seal being bad and once again informed Walton of this fact. Tr. 16-17. Simpson acknowledged during his testimony that the parties had an ongoing dispute over whether Simpson used dye to test the air conditioning system for leaks; Simpson maintains that a dye test was performed. Tr. 16-17.

{¶11} During Simpson's testimony he referred to e-mail correspondence between himself and Walton and to job work orders. Those documents were admitted into evidence and do confirm Simpson's testimony. Given the testimony

and exhibits that were properly admitted at trial, we cannot find that the trial court clearly lost its way when it found Simpson to be credible and ruled in Dynamic Auto Body's favor. The testimony somewhat presents two different versions of what possibly transpired between the parties. As explained above, if the evidence is susceptible of more than one construction, we are bound to accept the interpretation which is consistent with the verdict and judgment. *Seasons Coal Co., Inc.,* 10 Ohio St.3d at 80, 461 N.E.2d 1273. Thus, given our standard of review, since the evidence supports the trial court's conclusion, we are bound to uphold that decision. Furthermore, we note there was no testimony about a warranty for work that was done on the car; there was no indication through the testimony or evidence that Simpson was guaranteeing that the recharge fixed the air conditioner. Walton has not pointed us to any law that suggests that the work Simpson did established an express or implied warranty. Accordingly, and considering the evidence from the record, we cannot conclude that the trial court clearly lost its way.

{¶12} In addition to the above, there are two more contentions that Walton makes that we must address. The first one appears in Walton's appellate brief. He contends that the trial court made the following false statement in its judgment entry as support for the verdict:

> After refrigerant was added to the vehicle, the air conditioning appeared to work for only a period of nine (9) days and then ceased to function.

02/10/12 J.E.

{¶13} Walton offered the following testimony as to the operation of this air conditioner:

> The air-conditioning only worked for – actually, it only worked well for 24 hours. And it only cooled for 48 hours. Then it started going bad.
>
> After a total of nine days, it didn't work at all. There was no refrigerant left in the system at all.

Tr. 6.

**{¶14}** Although the trial court's statement is not as detailed as Walton's testimony, it is not a misrepresentation of the testimony. Thus, we do not find any fault in the trial court's statement.

**{¶15}** The second contention appears in a post-oral argument filing in which Walton argues that since Dynamic Auto Body did not defend the appeal, Walton is automatically entitled to judgment in his favor. At the trial court level, a default judgment may be entered against a party that does not defend an action. However, at the appellate level, we cannot merely reverse the trial court's judgment and enter judgment in favor of appellant when appellee fails to defend the appeal. App.R. 18(C) indicates that if an appellee fails to file a brief, he cannot be heard at oral argument except by permission of the court upon a showing of good cause. Furthermore, in determining the appeal, the appellate court may accept appellant's statement of facts and issues as correct and may "reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). As explained above, given our standard of review and the deference given to the trial court's decision, Walton's brief does not provide a basis for reversing the trial court's decision.

**{¶16}** For the foregoing reasons, we find no merit with Walton's arguments. The judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, P.J., concurs.