[Cite as *State v. Richards*, 2014-Ohio-381.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99690 and 99825**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALBERT RICHARDS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-567371 and CR-564475

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James Hofelich
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Albert Richards appeals his conviction in two cases, arguing that he was not afforded effective assistance of counsel.   We affirm.

{¶2} In 2012, Richards pleaded guilty in Case No. CR-564475 to one count of attempted having weapons while under disability and agreed to forfeit a gun.   At the same plea hearing, he pleaded guilty in Case No. CR-567371 to one count each of improperly handling firearms in a motor vehicle and drug possession and agreed to forfeit a gun.   The trial court ordered a presentence investigation report and continued the matter for sentencing.

{¶3} At the sentencing hearing, the trial court sentenced Richards to 12 months in prison in Case No. CR-564475 and 15 months in prison in Case No. CR-567371 and ordered the sentences to run consecutive.   The public defender's office represented Richards at both his plea and sentencing hearings.

{¶4} Richards filed a notice of delayed appeal in both cases, which this court granted.   This court sua sponte consolidated the appeals for briefing and disposition. Richards raises one assignment of error for our review:

[I.] The public defender's office erred in failing to report a conflict of interest to the court.

{¶5} Richards argues that his attorney, an assistant public defender, rendered ineffective assistance of counsel because the attorney did not inform the trial court that

the public defender's office had a potential conflict. According to Richards, the public defender's office represented two of the three codefendants during proceedings related to the 1987 homicide of Richards's parents. Richards asks this court to vacate his guilty plea and sentence.

{¶6} We are unable to address this issue on direct appeal, however, because it was not raised in the trial court, it is not part of the trial court record, and relies on evidence outside the record.

{¶7} Our function as an appellate court is to review the proceedings that occurred in the trial court and determine whether any errors occurred in those proceedings. *Walton v. Dynamic Auto Body*, 7th Dist. Columbiana No. 12 CO 11, 2013-Ohio-758, ¶ 4. "We are a court of record and our review of cases brought before us is confined to the record as defined in App.R. 9(A)." *Id.* As such, we are limited to a review of the record on appeal, consisting of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A).

{¶8} Richards did not raise the issue of a conflict or the representation of any codefendants in relation to the murder of his parents during the trial court proceedings in this case. In fact, the conflict issue was not raised until after Richards filed his appeal and has only been raised on appeal, e.g., he did not file a motion to withdraw his guilty plea in the trial court. Consequently, because the conflict issue is not properly before this court, we are unable to consider whether the public defender's office had a conflict in

representing Richards during his plea and sentencing hearings.

{¶9} Because the conflict issue is the only argument Richards raises, we could summarily overrule his assignment of error and affirm the trial court's judgment. We employ our discretion, however, and consider whether Richards received effective assistance of counsel based on the App.R. 9(B) record before us.

{¶10} We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that his or her counsel's performance fell below an objective standard of reasonable representation, and show there was a reasonable probability that counsel's errors affected the outcome of the proceedings. *Id.*

{¶11} In order to prove a claim of ineffective assistance of counsel with a guilty plea, an appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. As this court has previously recognized:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by

constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5.

**{¶12}** Pursuant to Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶13}** In this case, the trial court questioned Richards thoroughly, advised him of the rights he was waiving, informed him that the court could proceed with judgment and sentence, explained to him the possible penalties and maximum sentence involved, and informed him of his postrelease control obligations. The trial court also informed Richards that there were possible additional consequences if he pleaded guilty because he

was on postrelease control at the time he committed his offenses. The trial court further explained to him what it meant to forfeit the guns that were seized during his crimes.

{¶14} Based on the record before us, the trial court complied with the Crim.R. 11 mandates and Richards made his plea knowingly, intelligently, and voluntarily. As for the sentencing phase, a review of the hearing does not demonstrate, under *Strickland*, that trial counsel's performance was deficient. Therefore, Richards was afforded effective assistance of trial counsel.

{¶15} Richards's sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR