[Cite as *Green v. Zep Inc.*, 2020-Ohio-3896.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Melinda Green, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-477 |
| v. | : | (C.P.C. No. 12CV-2980) |
| Zep Inc. et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on July 30, 2020

**On brief:** *Stark & Knoll Co., L.P.A.*, and *David P. Bertsch*, for appellant. **Argued:** *David P. Bertsch*.

**On brief:** *Ritzler, Coughlin & Paglia, Ltd.*, *Michael A. Paglia*, and *Colin P. Sammon*, for appellee Safety-Kleen Systems, Inc. **Argued:** *Colin P. Sammon*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Plaintiff-appellant, Melinda Green, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her complaint, pursuant to Civ.R. 41(B)(1), for failure to prosecute. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is the executor of the estate of her late husband, Gregory R. Green ("decedent"), who died of leukemia on May 8, 2007. On March 3, 2009, appellant filed a complaint for wrongful death and negligence against numerous industrial solvent manufacturers, including defendants-appellees, Safety-Kleen Corporation ("Safety-Kleen") and Zep Inc. ("Zep"). Therein, appellant claimed that decedent was exposed to products

containing benzene and other carcinogenic chemicals during the course of his employment at Barney & White Auto & Truck Parts Co. from 1982 until 1996 and Flora's Diesel from November 1996 until March 1997. Appellant dismissed the complaint on March 8, 2011 by filing a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).

{¶ 3} On March 7, 2012, appellant refiled the complaint. On April 9, 2012, both Zep and Safety-Kleen filed a motion to dismiss the complaint, pursuant to Civ.R. 12(B)(6), arguing that appellant's wrongful death and survivorship claims predicated on negligence and product liability did not state a claim for relief because appellant failed to identify any particular defective product manufactured by Zep or Safety-Kleen. On March 20, 2015, the trial court issued an entry denying the motions to dismiss. The entry reads in relevant part as follows:

> Plaintiff has sued Defendants for allegedly exposing her husband to benzene and other carcinogenic chemicals contained in solvent products that they manufactured and distributed to her husband's employers. Plaintiff has further identified the places of employment where he was allegedly exposed to these products and the time frames of said exposure. These allegations are sufficient to overcome a request for a dismissal. *Plaintiff will clearly need to identify the specific products and the specific manner in which they allegedly caused injury to her husband to overcome summary judgment or to prove her claims at trial.* But such facts do not need to be set forth in the Complaint.

(Emphasis added.) (Mar. 20, 2015 Entry at 3.)

{¶ 4} In the March 20, 2015 entry denying the motions, the court also issued the following order: "Counsel for the parties shall confer and submit to the Court an agreed upon Amended Case Schedule. If they cannot agree, then they can submit their own proposed schedules for the Court's consideration." (Mar. 20, 2015 Entry at 3.)

{¶ 5} The parties subsequently failed to submit an agreed amended case schedule, and no party submitted their own proposed schedule as required by the March 20, 2015 entry. Rather, on January 31, 2018, Zep and Safety-Kleen filed a joint motion to dismiss the complaint, pursuant to Civ.R. 41(B)(1), for failure to prosecute, alleging that appellant "failed to comply with court orders and has * * * held this litigation at a standstill for almost three years" and "has a history of dilatory litigation practice." (Jan. 31, 2018 Joint Mot. at 1.)

{¶ 6} On March 9, 2018, the trial court issued an entry denying the joint motion to dismiss, wherein it was noted that "[t]he Court has thoughtfully and carefully considered Defendants' request and well-reasoned position" but that appellant "has not ignored Court orders with regards to discovery, [just] a Court order to submit an amended case schedule." (Mar. 9, 2018 Entry at 1.)  The trial court concluded as follows:

> [W]hile significant delay has occurred in the prosecution of this case, from the binding precedent, the responsibility cannot solely be placed on the Plaintiff so as to impose the harshest sanction under the law.  For this reason, the Motion to Dismiss is DENIED.
>
> Because the parties are in a better position to determine the time needed to complete discovery, the Court will once again order them to confer and submit an agreed amended case scheduling order on or before March 28, 2018.  This time, *the failure to comply with the order will be deemed a failure to prosecute and will result in a dismissal of the case.*

(Emphasis added.)  (Mar. 9, 2018 Entry at 1-2.)

{¶ 7} On June 26, 2018, the trial court issued a stipulated scheduling order requiring appellant's "Disclosure of Evidence on Product Identification" on or before December 1, 2019.  A trial of the matter was scheduled for March 2, 2020.

{¶ 8} On January 8, 2019, the trial court issued an order referring the case to a magistrate to conduct "a hearing/status conference for any disputes concerning discovery or case scheduling management" and ordering the parties to contact the magistrate "with any scheduling conflicts or if there are any issues that arise prior to scheduled hearing/conference."  (January 8, 2019 Order of Reference at 1.)  On February 27, 2019, the magistrate conducted the hearing, and on March 4, 2019, the magistrate issued a "report and scheduling order."

{¶ 9} In the order, the magistrate acknowledged that the stipulated scheduling order contained an obvious typographical error in that it provided for appellant's "Disclosure of Evidence on Product Identification" on or before December 1, 2019, when that date should have been December 1, 2018.  The magistrate noted: "It was not denied that during June of 2018, Plaintiff's counsel expressed to opposing counsel that the case would be voluntarily dismissed if counsel's due diligence did not discover the specific identification of the solvent based products set forth in the pleadings.  However, Plaintiff

sought one final opportunity to exhaust such measures." (Mar. 4, 2019 Report & Scheduling Order at 2.) In the order, the magistrate determined appellant "must be afforded one additional opportunity to make her fundamental disclosure of evidence on Product Identification," and appellant's "deadline to submit Expert Reports should also be extended accordingly." (Mar. 4, 2019 Report & Scheduling Order at 3.) The magistrate's order concluded as follows:

> [A] second status conference/show cause hearing in this matter is hereby SCHEDULED for April 30, 2019 * * *. By this time, Plaintiff is hereby ORDERED to have filed with the Court and exchanged with opposing counsel Plaintiff's Disclosure of Evidence on Product Identification. Should this occur in advance of that date, counsel are free to contact the undersigned indicating that the need for another Court appearance has been rendered moot. Conversely, if Defendants continue to object to Plaintiff's disclosure as being in contravention of the Stipulated Scheduling Order, a show cause hearing will commence at that time. Plaintiff shall be required to show cause why this action should not be dismissed with prejudice, for failure to prosecute. After the conclusion of the evidentiary hearing, the Magistrate will make a recommendation to the Court in accordance with Civ. R. 41(B)(l).

(Emphasis omitted.) (Mar. 4, 2019 Report & Scheduling Order at 3-4.)

{¶ 10} On April 30, 2019, appellant dismissed the complaint against ZEP by filing a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a). Appellant also submitted to opposing counsel and filed with the trial court a document entitled "Plaintiff's Product-Identification Evidence." This document provides as follows:

> Plaintiff submits the following product-identification evidence in addition to that presented in the original action (09 CV 0003159):
>
> Martin Hosler and Greg Ehret, who worked with Decedent Gregory Green at Barney & White Auto Parts Co., have identified Safety-Kleen Stoddard Solvent as a product that was routinely used in the wash tanks at Barney & White to degrease the used transmission parts for reuse in rebuilt transmissions.

(Apr. 30, 2019 Pl.'s Product-Identification Evidence at 1.)

{¶ 11} Appellant's counsel claims the statements of witnesses Hosler and Ehret were inadvertently omitted from the information appellant provided to the court and opposing

counsel with the above-cited disclosure. Neither of those witness statements are part of the trial court record. The record shows appellant also provided two expert reports to opposing counsel as part of the April 30, 2019 submission, but neither report was filed in the trial court.

{¶ 12} As a result of the April 30, 2019 hearing, the magistrate issued a "report" on May 13, 2019, wherein the magistrate found as follows:

> Product-Identification Evidence was served on opposing counsel and filed with the Court in advance of the status conference. This was said to satisfy the deadline provided by the undersigned Magistrate in his March 1, 2019 Report.
>
> Counsel for Safety-Kleen Corp. acknowledged that such information was provided and filed by Plaintiff. However, it was explained that because Defendant just received the information minutes before the status conference, there was insufficient time to review its contents. Therefore, it was agreed that Defendant's position would be communicated to the Magistrate within a week of the status conference.

(May 13, 2019 Report at 2.)

{¶ 13} The magistrate's report further provides:

> On May 8, 2019, Safety-Kleen Corp.'s attorney contacted the undersigned. At that time, it was offered that it is Defendant's position that the recent Product-Identification of Safety-Kleen Stoddard Solvent, in addition to what was previously identified by Plaintiff, is not a sufficient identification under Ohio law. Accordingly, counsel for Defendant suggested that a motion to dismiss will likely be submitted in the next thirty days.
>
> Based on the foregoing, the Magistrate finds that this action at the very least is now in harmony with the June 26, 2018 Stipulated Scheduling Order. An existing deadline of November 1, 2019 has been assigned for dispositive motion submissions.

(May 13, 2019 Report at 2.)

{¶ 14} On May 21, 2019, Safety-Kleen filed a renewed motion to dismiss the complaint, pursuant to Civ.R. 41(B)(1), for failure to prosecute. The stated grounds for the motion are that appellant "failed to comply with court orders and continues to hold this litigation in a standstill going on more than four years" and "[d]espite every opportunity and leniency, including extensions of time upon extensions of more time, * * * failed to

comply with the Court's orders to produce evidence of product identification." (May 21, 2019 Mot. at 1.)

{¶ 15} In opposition to the motion, appellant argued it had prosecuted the case in accordance with the trial court's order by submitting product identification evidence to opposing counsel within the time required by the magistrate's order and by dismissing Zep from the case. Appellant informed the magistrate that even though his discussions with Safety-Kleen's counsel resulted in an agreement that Safety-Kleen would seek dates to depose Hosler and Ehret, Safety-Kleen's counsel intended, all the while, to file a motion to dismiss the case for failure to prosecute. In support of this claim, appellant's counsel cited and attached an email correspondence he sent to opposing counsel which provides in relevant part: "Per our discussion just now, I will wait to hear from [co-counsel] regarding available dates for the depositions of Messrs. Hosler and Ehret. We would secure affidavits from them but it makes little sense if you're going to depose them anyway." (May 30, 2019 Memo. in Opp. at 2-3.)

{¶ 16} In its reply memorandum, Safety-Kleen maintained that an unauthenticated email correspondence attached to appellant's memorandum in opposition and certain references by appellant to off-the-record discussions with opposing counsel and the magistrate were not evidence that could be considered by the trial court in ruling on the motion to dismiss. Safety-Kleen further maintained:

> [E]xpert reports of Arthur Frank, M.D., Ph.D., and Melvyn Kopstein, Ph.D. are devoid of any mention of Safety-Kleen solvent. Worse, Plaintiff's production of Dr. Frank's file referenced—but omitted—witness statements of Martin Hosler (an alleged coworker disclosed in Plaintiff's so-called "Product Identification Evidence"), and Roger Wright. Their suspicious absence leads to the inference that the statements, if they actually exist, do not actually identify Safety-Kleen products.

(Footnote omitted.) (June 12, 2019 Reply Memo. at 5.)

{¶ 17} On June 24, 2019, the trial court issued a decision granting Safety-Kleen's renewed motion to dismiss the complaint for failure to prosecute. The court noted that it had previously given appellant "the chance to describe the alleged defective product with more specificity" when it denied Zep's 2015 motion to dismiss and subsequently denied the 2018 joint motion to dismiss for failure to prosecute even though appellant "failed to file an

amended case order as required." (June 24, 2019 Decision at 4.) The court recalled that the decision to deny the joint motion to dismiss was "a decision which was not reached lightly." (June 24, 2019 Decision at 4.) The trial court also noted the magistrate's March 4, 2019 report and order gave appellant the benefit of the doubt regarding the typographical error in the amended case schedule even though it was "reasonable to assume the deadline was December 2018." (June 24, 2019 Decision at 4.)

{¶ 18} In granting the motion to dismiss, the trial court recalled appellant was given "yet another chance" by the magistrate to file and exchange product identification evidence with opposing counsel by April 30, 2019, but appellant had provided information to opposing counsel just minutes before the scheduled conference which necessitated a consideration by the magistrate. (June 24, 2019 Decision at 5.) The trial court found that appellant "has caused this litigation to drag out for *eight years* without making meaningful progress" and has "failed to provide an adequate or timely description of the product at issue here, which underlies her entire case." (Emphasis sic.) (June 24, 2019 Decision at 5.) The trial court found that appellant's "behavior 'displays contempt for ... the rights of the opposing party' " and that appellant "has exhausted her opportunities to prosecute and will not be given any more chances." (June 24, 2019 Decision at 7, quoting *Wallace v. Euclid Meridia Hosp.*, 8th Dist. No. 82436, 2003-Ohio-5813, ¶ 4.)

{¶ 19} The trial court dismissed appellant's complaint "with prejudice" pursuant to Civ.R. 41(B)(1). (June 24, 2019 Decision at 7.) Appellant timely appealed to this court from the June 24, 2019 judgment entry.

{¶ 20} On October 2, 2019, Safety-Kleen filed a motion to strike portions of appellant's merit brief that referenced certain matters that were not part of the record in the trial court and were not considered by the trial court in reaching its decision to dismiss appellant's complaint. On October 8, 2020, this court issued a journal entry stating that Safety-Kleen's motion to strike "shall be submitted to the court at such time as the court addresses the merits of this appeal." (Oct. 8, 2019 Journal Entry at 1.) The motion has been fully briefed and is ripe for this court's consideration.

## II.  ASSIGNMENT OF ERROR

{¶ 21}  Appellant assigns the following as trial court error:

> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
> IN DISMISSING PLAINTIFF'S ACTION WITH PREJUDICE
> FOR FAILURE TO PROSECUTE UNDER CIV.R. 41(B)(1).

## III.  LEGAL ANALYSIS

### A.  Safety-Kleen's Motion to Strike

{¶ 22}  Before undertaking a review of the merits, we shall consider Safety-Kleen's motion to strike.  Safety-Kleen contends that appellant's merit brief refers to matters that are not part of the record on appeal and should be stricken.  We agree.

{¶ 23}  In appellant's merit brief, appellant refers to telephone conversations and other off-the-record conversations appellant's trial counsel reportedly had with opposing counsel in April and May 2019, as well as statements allegedly made to and by the magistrate during the April 30, 2019 hearing, which was not recorded or transcribed.  In the magistrate's March 4, 2019 report and scheduling order, the magistrate noted that "[n]o party requested that evidence be introduced or that the proceeding be put on the record." (Mar. 4, 2019 Report & Scheduling Order at 1.)  Appellant also refers in her merit brief to conversations her trial counsel reportedly had with prospective witnesses in the case, none of which occurred on the record and none of which were submitted to the trial court in affidavit form.  We note that even though appellant made similar references in her memorandum in opposition to Safety-Kleen's Civ.R. 41(B)(1) motion in the trial court, appellant's trial counsel did not submit his own affidavit to the trial court in order to provide evidentiary support for the off-the-record conversations referred to in the memorandum and in appellant's merit brief.  Nor has appellant invoked the provisions of App.R. 9(E) which permit a party, under certain circumstances, to supplement the record on appeal.[1]

{¶ 24}  App.R. 9(A) sets forth the "[c]omposition of the record on appeal" in relevant part as follows:

> (1)  The original papers and exhibits thereto filed in the trial
> court, the transcript of proceedings, if any, including exhibits,
> and a certified copy of the docket and journal entries prepared

---

[1] Whether supplementation of the record would be appropriate in this case is not, therefore, a question raised in this appeal.

by the clerk of the trial court shall constitute the record on appeal in all cases.

{¶ 25} This and other courts of appeal have consistently held that reviewing courts are not to consider information that is not part of the trial court record and does not meet the requirements of App.R. 9(A). *See, e.g.*, *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707 (motion to strike portions of appellant's brief granted because appellants are barred by App.R. 9(A) from making arguments and citing evidence regarding discovery requests that were not part of the trial court record); *Star Seal of Ohio, Inc. v. Tri State Pavement Supplies, LLC*, 10th Dist. No. 09AP-969, 2010-Ohio-2324 (granting appellee's motion to strike portions of appellant's brief because appellant's statement of facts included factual allegations that were not properly before the trial court); *State v. Zhovner*, 3d Dist. No 2-12-13, 2013-Ohio-749 (because manual and photograph were neither admitted into evidence nor otherwise made part of the trial court record, they were not a part of the record on appeal and could not be considered by the appellate court); *Walton v. Dynamic Auto Body*, 7th Dist. No. 12 CO 11 , 2013-Ohio-758 (attachments to an appellant's merit brief were not part of the record on appeal because they were not submitted to the trial court and did not meet any requirements of App.R. 9(A)); *Condron v. Willoughby Hills*, 11th Dist. No. 2007-L-015, 2007-Ohio-5208 (in former city finance director's claim for accrued vacation time, information that another employee took his remaining vacation time after his effective resignation could not be considered on appeal as that information was not before the trial court or the magistrate prior to the final judgment); *Erie Ins. v. Williams*, 9th Dist. No. 23157, 2006-Ohio-6754 (though appellant filed an affidavit on appeal from a trial court's denial of his motion for relief from default judgment swearing that he did not receive service, the court could not consider it under App.R. 9(A) as the affidavit was never filed with the trial court).

{¶ 26} Here, Safety-Kleen objected in the trial court to the unsworn statements made by appellant's trial counsel in appellant's memorandum in opposition to the motion to dismiss, arguing that such information was outside the record and not of evidentiary quality. The trial court's ruling on Safety-Kleen's Civ.R. 41(B)(1) motion shows that, with the exception of the email regarding depositions, the trial court did not consider the

information in ruling on the motion to dismiss. With regard to the email, the trial court noted that an offer to make witnesses available for a deposition is not evidence.

{¶ 27} In this court, Safety-Kleen has moved to strike references to the same information as it appears in appellant's merit brief. Because the information in appellant's merit brief was not properly introduced in the trial court and was not made part of the trial court record, Safety-Kleen's motion to strike portions of appellant's merit brief is granted. App.R. 9(A). This court shall not consider that information in reviewing the trial court's judgment in this case.

## B. Appellant's Assignment of Error

{¶ 28} Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997). The term "abuse of discretion" as it applies to a dismissal with prejudice for lack of prosecution implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court in granting such motion. *Id.*, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91 (1982).

{¶ 29} The factors a trial court will consider in ruling on a motion to dismiss, pursuant to Civ.R. 41(B)(1), include the drawn out history of the litigation, including a plaintiff's failure to comply with court orders until threatened with dismissal, and other evidence that a party is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. *See Jones* at 372. Here, the trial court made the following findings in support of dismissal:

> Earlier this year, Plaintiff was described as promising to "obtain more specific information regarding product identification in the very near future from two referenced witnesses" but what was provided on April 30, 2019 is insufficient. See Magistrate's Report, March 4, 2019. As Defendant notes, Plaintiff has failed to provide legitimate evidence supporting their product claims such as affidavits, witness statements, packaging labels, or photographs.

> Plaintiff claims she would have "no problem obtaining affidavits if needed," but blames Defendant for not properly requesting them. Plaintiff's Memo Contra, May 30, 2019. Whether Defendant requested them properly or not, Plaintiff was required to submit more robust evidence on April 30, 2019 describing the product at issue, whether it was in the form of affidavits or otherwise. Plaintiff also contends that she would make the two witnesses described in the product identification as available for deposition, but Plaintiff was required to submit this type of evidence by April 30, 2019, which she failed to do. If the Court permitted Plaintiff to pursue her product identification efforts any further, it would not be unreasonable to fathom that this case would still be going another ten years given her dilatory behavior thus far. That is not fair to the Court nor to the Defendant.

(June 24, 2019 Decision at 6.)

{¶ 30} We agree with the trial court's analysis in this case. The record shows that appellant originally filed her action against appellees in 2009 and voluntarily dismissed the action after appellant's deposition revealed no probative evidence regarding product identification. In denying Zep's motion to dismiss the refiled complaint for failure to state a claim, the trial court noted appellant "will clearly need to identify the specific products and the specific manner in which they allegedly caused injury to her husband to overcome summary judgment or to prove her claims at trial." (Mar. 20, 2015 Entry at 3.) The case subsequently languished with no progress and no case schedule for nearly three years before Zep and Safety-Kleen filed their joint motion to dismiss the complaint for failure to prosecute. In denying the "well-reasoned" motion, the court noted appellant had ignored an order requiring the parties to submit a case schedule. (Mar. 9, 2018 Entry at 1.) The trial court further cautioned appellant that any subsequent failure to comply with the court's order to submit a case schedule "will be deemed a failure to prosecute and will result in a dismissal of the case." (Mar. 9, 2018 Entry at 2.)

{¶ 31} When the parties submitted the case schedule, it contained an obvious typographical error regarding product identification evidence. At a subsequent hearing, the magistrate gave appellant the benefit of the doubt regarding the obvious error in the case schedule by providing appellant with "one additional opportunity to make her fundamental disclosure of evidence on Product Identification." (Mar. 4, 2019 Mag.'s Report & Scheduling Order at 3.) The magistrate set an April 30, 2019 deadline for

appellant to produce evidence of specific product identification and scheduled a conference for that same date. Appellant subsequently made no effort to provide product identification evidence to appellees until the scheduled conference, necessitating further review by the magistrate.

{¶ 32} Our review of the notice of product identification evidence submitted to the trial court reveals little in the way of actual evidence. Though appellant reportedly attached witness statements to the information provided to Safety-Kleen, Safety-Kleen informed the trial court that no such statements were provided. Even if we were to accept appellant's claim that the omission was a simple mistake, appellant's memorandum in opposition to Safety-Kleen's motion to strike portions of appellant's merit brief reveals that the Hosler statement referenced by appellant in the trial court is the same statement appellant submitted to the Bureau of Workers' Compensation in 2010. We also agree appellant's reported offer to make possible product identification witnesses available for deposition amounts to a failure to comply with the trial court's order to provide product identification evidence. In our view, the record supports the trial court's conclusion that if it permitted appellant "to pursue her product identification efforts any further, * * * this case would still be going another ten years given her dilatory behavior thus far." (June 24, 2019 Decision at 6.) We also agree the continued delay "is not fair to the Court nor to the Defendant." (June 24, 2019 Decision at 6.)

{¶ 33} Appellant argues that it was up to appellees to either object to, or move to set aside, the magistrate's finding in the May 13, 2019 report that the "action at the very least is now in harmony with the June 26, 2018 Stipulated Scheduling Order." (May 13, 2019 Mag.'s Report at 2.) It is clear from other language in the report, however, that the magistrate's finding was contingent on the sufficiency of the product identification evidence recently submitted to appellees. The magistrate also recognized that a Civ.R. 41(B)(1) motion may be forthcoming. Moreover, the record shows that appellant had notice that production of product identification evidence was required and that the case could be dismissed for failure to prosecute should appellant fail to timely produce such evidence.

{¶ 34} Given the nearly ten-year history of delay in this case and appellant's inability to comply with trial court orders regarding the case schedule and the threshold issue of product identification, we cannot say that the trial court acted arbitrarily or unreasonably

or displayed an unconscionable attitude in granting Safety-Kleen's Civ.R. 41(B)(1) motion due to appellant's failure to prosecute. Thus, appellant has failed to demonstrate the trial court abused its discretion in dismissing appellant's complaint with prejudice.

{¶ 35} For the foregoing reasons, we overrule appellant's sole assignment of err0r.

**IV. CONCLUSION**

{¶ 36} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Motion to strike granted*;
*judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____